IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WILLIAM J. FOLEY, SR.,

      Plaintiff,

vs.                                                Case No. 06-4073-SAC

UNITED STATES GOVERNMENT,
FEDERAL BUREAU OF INVESTIGATION,

      Defendant.

MEMORANDUM AND ORDER

This case comes before the court on plaintiff's petition for a writ of mandamus for the exhumation of and an autopsy on the body of James Timothy Foley, interred in Greeley, Nebraska.

According to the petition, on or about November 27, 1946, Anchorage Police Officer James Timothy Foley's death was determined by autopsy to be a suicide. Plaintiff, a nephew of the deceased, believes that his uncle was murdered. Because his uncle's death occurred in Alaska before Alaska became a state, plaintiff contends that the alleged murder of his uncle is a federal offense. Plaintiff further alleges that he provided to the Anchorage, Alaska FBI office various information in September of 2005, which discredited his uncle's autopsy and

persons involved in that process.  To date, the FBI has taken no action on plaintiff's request that it exhume the body and cause another autopsy to be conducted on it.

A federal district court has original jurisdiction of a mandamus action under 28 U.S.C. § 1361 "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  This section provides a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendants owe him a clear nondiscretionary duty.  *Hecker v. Ringer*, 466 U.S. 602, 616-17 (1984).  "[T]he remedy of mandamus is a drastic one, to be invoked only in extraordinary situations."  *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980) (citations omitted).  To grant mandamus relief, a court must find (1) that the plaintiff has a clear right to the relief sought, (2) that the defendants have a plainly defined and peremptory duty to do the action in question, and (3) that no other adequate remedy is available.  *Wilder v. Prokop*, 846 F.2d 613, 620 (10th Cir. 1988).  *See  Delano v. Kitch*, 663 F.2d 990, 1001 -1002 (10th Cir. 1981).

Assuming, without deciding, that plaintiff has standing to bring this petition, the petition fails to allege the required elements for mandamus relief.  *See Trackwell v. U.S. Government*,  2004 WL 3037955, *1 (D. Kan. 2004).  Although

plaintiff may be concerned about the reputation of his deceased uncle, he has no clear right to the relief sought.  Plaintiff has not cited any statute or any other provision which either gives rise to his right to have a body exhumed or creates a duty on the part of the FBI to exhume it.  Thus the allegations of the petition, if proven, would not constitute a proper basis for the issuance of a writ of mandamus.

Additionally, venue is not proper for this writ.  The alleged murder occurred in Alaska, the autopsy was conducted in Alaska, the agency sought to be mandamused is in Alaska, and the body is interred in Nebraska.  No contact with the District of Kansas is alleged except for the inconsequential fact that plaintiff happens to reside here.  The District of Kansas is thus an improper venue for this petition for a writ of mandamus against the Anchorage, Alaska FBI office.  *See* 28 U.S.C. § 1391.

IT IS THEREFORE ORDERED that plaintiff's petition for a writ of mandamus (Dk. 1) is denied.

Dated this 25th day of July, 2006, Topeka, Kansas.

s/ Sam A. Crow  
Sam A. Crow, U.S. District Senior Judge